# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10361
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON MOODY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-208-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jason Moody pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to the statutory maximum term of imprisonment of 120 months and three years of supervised release. Moody argues that the preponderance of the evidence did not support the district court's finding that the $9,253 in cash seized represented the proceeds of drug trafficking.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10361

Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), this court engages in a bifurcated review process of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, this court considers whether the district court committed a "significant procedural error," such as miscalculating the advisory guideline range. *Id.* Here, Moody challenges his sentence for procedural error only related to the quantity of drugs used to calculate his offense level. The district court's calculation of the quantity of drugs involved in an offense is a factual determination reviewed for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

In estimating drug quantity, a district court's finding need not be limited to the actual quantities of drugs seized. *United States v. Medina*, 161 F.3d 867, 876 (5th Cir. 1998). A district court may convert cash into drug quantities based upon a determination that the cash represented proceeds of drug transactions. *See United States v. Johnston*, 127 F.3d 380, 403 (5th Cir. 1997); *see also* § 2D1.1, comment. (n.5).

The district court converted the $9,253 cash seized from Moody's home and/or turned in by his mother to drug quantities based on the facts in the presentence report (PSR) showing that $3,909 of the cash was found on Moody's bed next to a stash of methamphetamine; the fact that Moody asked his mother to retrieve the cash hidden in his drawer ($5,345) which the police had apparently missed due to his having a "decoy" safe; the fact that his employment as a seasonal boat mechanic made it unlikely that the money came from his employment and that he was thousands of dollars in debt,

negating the possibility that the money was savings; and the fact that his text messages showed that he was dealing in large quantities of methamphetamine for substantial amounts.

The district court's factual finding that the reliable evidence in the PSR supported the conversion of the cash seized to drug-quantity amounts was plausible in light of the record as a whole and was not clearly erroneous. *See Betancourt*, 422 F.3d at 246.

AFFIRMED.